**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**800 ADEPT, INC.,**

               **Plaintiff,**

**-vs-**                                            **Case No. 6:02-cv-1354-Orl-28DAB**

**MUREX SECURITIES, LTD., MUREX
LICENSING CORPORATION, TARGUS
INFORMATION CORPORATION, WEST
CORPORATION,**

               **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS COUNT II OF FIRST AMENDED COMPLAINT (Doc. No. 199)**
>
> **FILED:**    **January 11, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

       As set forth in Defendants' response to the motion (Doc. No. 201), Defendants do not oppose dismissal with prejudice of Count II, but "respectfully request[] that the dismissal be accompanied by an award of Defendants' fees . . ." As grounds for this request, Defendants cite Rule 41(a) and Rule 37, Federal Rules of Civil Procedure, as well as 35 U.S.C. § 285 (allowing attorney's fees in

"exceptional cases"). The Court concludes that neither Rule 41 nor 37 compel an award here, and a request for fees under Section 285 is premature.

Rule 41(a) provides, in pertinent part, that a dismissal by the court can be "upon such terms and conditions as the court deems proper." Defendants cite no authority for the proposition that Rule 41(a) compels an award of attorney's fees where, as here, Plaintiff offers to dismiss a count with prejudice, prior to trial. In fact, the majority view is that a defendant may not recover attorney's fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances. *Aerotech, Inc. v. Estes,* 110 F. 3d 1523, 1528 (10th Cir. 1997) (collecting cases). Although Defendants argue that exceptional circumstances exist here, those circumstances amount to no more than a perceived "unexplained and inexcusable" delay. Dilatory tactics, however, do not constitute exceptional circumstances. *See Murdock v. Prudential Ins. Co. of America,* 154 F.R.D. 271 (M.D. Fla. 1994) (dilatory and inappropriate conduct, failure to consolidate and failure to act for three years did not constitute "exceptional circumstances"). In view of the fact that dismissal with prejudice means that Defendants cannot be made to defend against this claim again,[1] the bar to establish "exceptional circumstances" is very high, indeed.[2] Defendants have not made a sufficient showing to justify an award of attorney's fees within this limited exception.

As for Rule 37, Defendants make a cursory reference to the Rule, noting that the Court is empowered to impose appropriate sanctions on a party's abuse of discovery procedures under the

---

[1]The Court leaves for another day any issue as to the collateral effect of the dismissal with prejudice.

[2]As pointed out by this Court, "in a voluntarily dismissed lawsuit with prejudice under Rule 41(a)(2), attorney's fees have almost never been awarded." *Murdock,* 154 F.R.D.. at 273.

Rule. Defendants neglect to point out, however, how the filing of a notice of dismissal, with prejudice is an abuse of discovery procedures. This contention is without merit.

Defendants' final contention, that Title 35 U.S.C. Section 285 compels an award of fees, is premature. *See Campbell v. Spectrum Automation Co.,* 601 F.2d 246, 252 (6th Cir. 1979) (" A request for attorneys' fees made after a trial on the merits ordinarily will allow the court to dispose of the request on the basis of the record, since the issues relevant to that determination will have been brought out at trial.").

As Defendants do not oppose the dismissal with prejudice save for the fee issue, and this Court finds no basis for an award of fees at this point, the motion to dismiss should be granted, unconditionally. Any contention that this is an exceptional case under 35 U.S.C. § 285 should be made at the conclusion of the case.

> **MOTION:** **PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY (Doc. No. 203)**
>
> **FILED:** **January 30, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy