# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**800 ADEPT, INC.,**

        **Plaintiff,**

**-vs-**                                **Case No.  6:02-cv-1354-Orl-28DAB**

**MUREX SECURITIES, LTD., MUREX LICENSING CORPORATION, TARGUS INFORMATION CORPORATION, WEST CORPORATION,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION BY DEFENDANTS FOR LEAVE TO FILE LIMITED MATERIALS UNDER SEAL (Doc. No. 236)** |
| **FILED:** | **May 19, 2006** |
| | _____ |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR LEAVE TO FILE CERTAAIN DOCUMENTS UNDER SEAL (Doc. No. 241)** |
| **FILED:** | **May 19, 2006** |
| | _____ |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |

As is clear from the motions, and the response (Doc. No. 250), neither side believes that the

majority of the documents sought to be submitted under seal are, in fact, truly confidential.

Nevertheless, each side seeks to file documents under seal, even though they concede that the designations of confidentiality are probably not appropriate as to many of the documents.  The Court has addressed this issue twice before, and each time it was made clear that filing under seal is not a matter of right but of grace and is available only upon a proper showing of necessity.  The half-hearted showing here falls short of the mark.

It is apparent that the parties are competitors and some information relating to, for example, customer relationships, source code, or nonpublic financial documents, is truly confidential and worthy of submission under seal.  Wholesale submission of depositions under seal because a deponent may have touched on one or two tender areas however, is clearly not warranted.  One robin does not make it Spring.  The Court trusts that counsel as experienced and professional as those involved here are capable of cooperating in the not-so-difficult task of reviewing the submissions with a fair minded eye, and tendering to the Court *only* that which truly merits sealing. The motions are **denied**, without prejudice to one more opportunity to resubmit.

| | |
|---|---|
| **MOTION:** | **MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS MOTION FOR MARKMAN RULING (Doc. No. 251)** |
| **FILED:** | **May 25, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S REQUEST TO WITHDRAW "MOTION" AT DOC. NO. 238 (Doc. No. 252)** |
| **FILED:** | **May 25, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

-2-

The Memorandum docketed at Doc. No. 239 is deemed a combined motion and memorandum for partial summary judgment.

**DONE** and **ORDERED** in Orlando, Florida on May 26, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-3-