**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**800 ADEPT, INC., and ADEPTEL, INC.**

    **Plaintiffs/Counter-Defendants,**

-vs-                                                            Case No.  6:02-cv-1354-Orl-28DAB

**MUREX SECURITIES, LTD., MUREX LICENSING CORPORATION, TARGUS INFORMATION CORPORATION, and WEST CORPORATION,**

    **Defendants/Counter-Plaintiffs.**

# ORDER

This case comes before the Court for ruling on the following:

1. Motion To Set Aside Entry Of Bill Of Costs of Defendants (Doc. No. 446, filed December 8, 2006);

2. Response To Motion To Set Aside Entry Of Bill Of Costs of Plaintiffs (Doc. No. 447, filed December 12, 2006);

3. Defendants' Renewed Motion And Memorandum Of Law For Judgment As A Matter of Law Pursuant To Fed. R. Civ. P. 50(B) (Doc. No. 453, filed January 3, 2007);

4. Defendants' (Corrected) Alternative And Additional Motion And Supporting Memorandum Of Law For A New Trial (Doc. No. 455, filed January 3, 2007);

5. Plaintiff's Opposition To Defendants' Motion For A New Trial And Supporting Memorandum Of Law (Doc. No. 462, filed January 23, 2007); and

6. Brief In Opposition To Defendants' Renewed Motion For Judgment As A Matter Of

Law (Doc. No. 463, filed January 23, 2007).

After spending considerable time reviewing the extensive trial record in this case, including the exhibits admitted at trial and twenty-four days of fact witness and expert witness testimony, and analyzing the hundreds of patent claims at issue, the Court **DENIES** the Motion For Judgment As A Matter of Law (Doc. No. 453) and **DENIES** the Motion For A New Trial (Doc. No. 455) of Defendants/Counter-Plaintiffs Murex Securities, Ltd., Murex Licensing Corporation, TARGUS Information Corporation, and West Corporation.

The Court also **DENIES** the Motion To Set Aside Entry Of Bill Of Costs (Doc. No. 446) of Defendants/Counter-Plaintiffs for failing to confer meaningfully with Plaintiffs' counsel prior to its filing with the Court pursuant to Local Rule 3.01(g)[1] and, alternatively, because Plaintiffs/Counter-Defendants are prevailing parties under Federal Rule of Civil Procedure 54(d)(1).

---

[1] Local Rule 3.01(g) requires that an attorney "confer with counsel for the opposing party in a good faith effort to resolve the issues raised" prior to the filing of any motion, except for an enumerated list of motions not applicable here. In this case, Plaintiffs filed a proposed Bill of Costs on December 5, 2006. (Doc. No. 443). At about 2:34 p.m. the next day, counsel for Defendants transmitted an electronic message to counsel for Plaintiffs "request[ing] that you voluntarily withdraw your Proposed Bill of Costs . . . and that you request the court to set aside without prejudice to re-file, if appropriate, after entry of final judgment, the clerk's entry of the Bill of Costs." (Doc. No. 447, Ex. A). Defendants' counsel presented this on a take-it-or-leave-it basis: "Please let us know by 5:00 PM if you agree to such voluntary withdrawal; otherwise, we will file our own papers with the court this evening." (*Id.*). According to the Notice of Electronic Filing, counsel for Defendant filed with the Court the initial motion at docket number 444 at 6:28 p.m. (See Doc. No. 444). A single e-mail presenting an ultimatum to opposing counsel with a time limit which expires in mere hours is not a *good faith* effort to resolve the issues raised in a motion falling within the purview of Local Rule 3.01(g). For this reason alone, Defendants' motion should be denied.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 2, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record