# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**800 ADEPT, INC.,**

                                **Plaintiff,**

**-vs-**                                                    **Case No.  6:02-cv-1354-Orl-19DAB**

**MUREX SECURITIES, LTD., MUREX
LICENSING CORPORATION, TARGUS
INFORMATION CORPORATION, WEST
CORPORATION,**

                                **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument[1] on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DISCOVERY BY 800 ADEPT (Doc. No. 511)** |
| **FILED:** | **July 30, 2007** |

_____

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Following a twenty-four day trial, the jury in this case issued a verdict of willful infringement

and the Court subsequently entered a judgment for damages and Permanent Inunction:

That the Defendants/Counter-Plaintiffs, **MUREX SECURITIES, LTD., MUREX
LICENSING CORPORATION,** and **TARGUS INFORMATION
CORPORATION**, are enjoined and shall cease and desist in the making, using, sale,
or offering for sale, the IntelliRouting Express, LocationExpress and DART products,
and any colorable versions thereof, and shall be further enjoined from using latitude

_____

[1]800 Adept's request for oral argument (Doc. No. 515) is denied.

and longitude coordinates in the construction of computer databases used to produce and/or support such products.

(Doc. No. 475).

Following post-judgment motions, the Murex and Targus Defendants (herein "Targus") appealed (Doc. No. 479). That appeal is pending in the Federal Circuit.

Targus sought a stay of the injunction pending disposition of the appeal, and, following denial of a stay, Targus filed a Notice of Compliance, notifying the Court that "it has ceased providing the products accused of infringement in the litigation, and has developed and implemented new products that do not fall within the scope of the permanent injunction and do not infringe [the Patents at issue]." (Doc. No. 500). The new products are claimed to be "significantly different" from IntelliRouting Express and Location Express in that, "among other things" they do not assign callers using latitude and longitude coordinates, but rather, use V-H coordinates. *Id.* 800 Adept claims that this is "inconsistent" with prior representations made by Targus to the Federal Circuit and now "seeks discovery to determine which of Targus' inconsistent representations is correct and to obtain the evidence necessary to determine if Targus, as Adept strongly suspects, is in willful contempt of the injunction." (Doc. No. 511 at 5). The motion is **DENIED.**

First and foremost, 800 Adept fails to persuade the Court that it has requisite authority to allow discovery [2] in a case that is closed, with a judgment on appeal, and no pending motion for contempt or other collateral relief. *See Doe v. Bush*, 261 F.3d 1037, 1064-1065 (11th Cir. 2001) ("[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects

---

[2] Although 800 Adept characterizes its proposed discovery as "limited," the Court does not find it so, considering that Plaintiff seeks 14 hour depositions of parties and non-parties, as well as production of documents relating to database construction, correspondence, notes, and financial records relating to the new products.

of the case that are the subject of the appeal. However, it may not divest the district court of jurisdiction over collateral matters not affecting the questions presented on appeal."). While a court retains jurisdiction to enforce its orders,[3] the instant motion is not brought in connection with any request for such relief, but rather, to determine in the first instance if there is an evidentiary basis for bringing such a motion in the future.  There is no sufficient jurisdictional basis cited for such relief.

Moreover, as noted by one court in a case cited by 800 Adept:

[B]efore a court initiates a contempt proceeding or permits extensive discovery of suspected violations of its judgment, there should be at least a prima facie showing by the aggrieved party of disobedience of the order.

*N. W. Controls, Inc. v. Outboard Marine Corp.*, 349 F.Supp. 1254, 1256 (D.C. Del. 1972).  Here, there are plenty of suspicions, and lots of conclusory allegations, but the showing does not rise to *prima facie*, especially in view of the fact that there are already two pending lawsuits addressing the ultimate issue presented here: whether these new products infringe 800 Adept's Patents.[4]

As this matter likely will require significant discovery and testimony, it is not amenable to summary contempt proceedings.  *See KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.*, 776 F.2d 1522, 1532 (Fed. Cir. 1985) ("If there are substantial open issues with respect to infringement to be tried, contempt proceedings are inappropriate. . . . . The presence of such disputed issues creates a fair ground for doubt that the decree has been violated."); *Arbek Mfg., Inc. v. Moazzam,* 55 F.3d 1567, 1570 (Fed. Cir. 1995) ("Contempt, however, is not a sword for wounding a former infringer who has

---

[3]*See Resolution Trust Corp. v. Smith*, 53 F.3d 72, 76 (5th Cir.1995) (the district court has continuing jurisdiction in support of its judgment, and until the judgment has been properly stayed or superseded, the district court may enforce it through contempt sanctions).

[4]800 Adept has filed suit in Texas asserting that current and former customers of Targus infringe the Patents.  Targus has filed the second suit in this Court, seeking declaratory judgment of noninfringment.

made a good-faith effort to modify a previously adjudged or admitted infringing device to remain in the marketplace [citation omitted].  Rather, the modifying party generally deserves the opportunity to litigate the infringement question at a new trial, 'particularly if expert and other testimony subject to cross-examination would be helpful or necessary.'" [*KSM* at 1531]); *see also Syndia Corporation v. The Gillette Company*, 2002 WL 2012473 (N.D. Ill. 2002) (denying post-trial discovery which sought to discover information on a product modified post-trial).

Absent persuasive authority that the relief sought is necessary or appropriate at this time and in this forum, the motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on August 21, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-4-