UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**800 ADEPT, INC.,**

      **Plaintiff,**

-vs-                                                    **Case No.  6:02-cv-1354-Orl-19DAB**

**MUREX SECURITIES, LTD.,**
**MUREX LICENSING CORPORATION,**
**TARGUS INFORMATION CORPORATION,**
**WEST CORPORATION,**

      **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Plaintiff 800 Adept, Inc.'s Objections To The Magistrate Judge's Discovery Order (Doc. No. 517, filed Aug. 31, 2007); and

2. Defendants Targus Information Corporation et al.'s Response To 800 Adept's Objections To Magistrate Judge Baker's Discovery Order (Doc. No. 518, filed Sept. 14, 2007).

## Background

This case has been heavily litigated since 2002.  After almost four years of discovery, a twenty-four day jury trial was held before this Court in September and October of 2006.  (*See* Doc. Nos. 389-425.)  The jury found in favor of Plaintiff/Counter-Defendant 800 Adept, Inc., and the Court entered an Order to that effect.  (*See* Doc. Nos. 425, 475.)  The Court also granted injunctive relief against Defendants Murex Securities, Ltd., Murex Licensing Corporation, and Targus

Information Corporation. (Doc. No. 475 at p. 3, ¶ 5.) Defendants appealed this Order to the Federal Circuit where it is currently pending. (*See* Doc. Nos. 479, 493.)

On June 6, 2007, Defendants filed a Notice of Compliance with the Court. (Doc. No. 500.) In this Notice, Defendants claimed to have "ceased providing the products accused of infringement in the litigation" and also to have "developed and implemented new products that do not fall within the scope of the permanent injunction . . . ." (*Id.* at p. 1.) Plaintiff questioned the validity of this compliance and filed a Motion to Compel Discovery to "determine if [Defendants are] in contempt as the result of [their] alleged 'design around.'" (Doc. No. 511 at p. 1.) In response, Defendants filed an Opposition to Plaintiff's Motion (Doc. No. 514), and Magistrate Judge Baker denied Plaintiff's Motion on August 21, 2007. (Doc. No. 516.) Plaintiff objects to Judge Baker's Order and moves the Court to review the Order. (Doc. No. 517.) Defendants have filed a response. (Doc. No. 518.)

**Standard of Review**

A party may seek review of a magistrate judge's ruling on a nondispositive matter by serving and filing objections within ten days of when the order is entered. Fed. R. Civ. P. 72(a). A non-dispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007). If a proper objection is made, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant

statutes, case law, or rules of procedure. *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

## Analysis

Matters relating to discovery are considered nondispositive. *See, e.g.*, *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1286 (11th Cir. 2003) (analyzing, under Rule 72(a), a magistrate judge's order regarding a motion to compel discovery). Plaintiff argues that Judge Baker's ruling should be subject to de novo review as a Report and Recommendation because it is "inextricably intertwined with contempt issues." (Doc. No. 517 at p. 7.) However, all matters relating to discovery are inevitably intertwined with the substantive issues for which the discovery is sought. *See* Fed. R. Civ. P. 26(b)(1). This fact does not make an otherwise non-dispositive discovery matter dispositive. *See Maynard*, 342 F.3d at 1286. Therefore, Judge Baker's Order must be reviewed under the standard of Rule 72(a).

Judge Baker found that Plaintiff's Motion was "not brought in connection with any request for [a motion for contempt], but rather, to determine in the first instance if there is an evidentiary basis for bringing such a motion in the future." (Doc. No. 516 at p. 3.) As Judge Baker noted, "[B]efore a court initiates a contempt proceeding or permits extensive discovery of suspected violations of its judgment, there should be at least a prima facie showing by the aggrieved party of disobedience of the order." (*Id.*) (quoting *N.W. Controls, Inc. v. Outboard Marine Corp.*, 349 F. Supp. 1254, 1256 (D. Del. 1972)); *see also Wesley Jessen Corp. v. Bausch & Lomb, Inc.*, 256 F. Supp. 2d 228, 229-30 (D. Del. 2003); *Northside Realty Assocs., Inc. v. Chapman*, 411 F. Supp. 1195, 1196-97 (N.D. Ga. 1976). Further, Judge Baker recognized that contempt proceedings are inappropriate where there remain open substantial issues regarding infringement. (*See* Doc. No. 516

at pp. 3-4) (citing *Arbek Mfg. Inc. v. Moazzam*, 55 F.3d 1567, 1570 (Fed Cir. 1995), *KSM Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1532 (Fed. Cir. 1985), and *Syndia Corp. v. The Gillette Co.*, No. 01-C-2485, 2002 WL 2012473, at **2-4 (N.D. Ill. Aug. 30, 2002)); *see also Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885). In such cases, the process of contempt "should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Cal. Artificial Stone Paving Co.*, 113 U.S. at 618; *see also MAC Corp. of Am. v. Williams Patent Crusher & Pulverizer Co.*, 767 F.2d 882, 885 (Fed. Cir. 1985).

In denying Plaintiff's Motion, Judge Baker based his decision on two grounds. First, Judge Baker found that the Plaintiff did not make a prima facie showing of contempt. (Doc. No. 516 at p. 3.) Second, Judge Baker stated that there were substantial open issues regarding the possible infringement that would require significant discovery and testimony. (*Id.*) Either ground, standing alone, would justify Judge Baker's decision. *See MAC Corp. of Am.*, 767 F.2d at 885. The Court must consider whether this decision is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

Plaintiff's suspicions that Defendants may be violating the Court's injunction are based on four main allegations. First, Plaintiff alleges that "[o]nly hours after the Federal Circuit denied the stay, and days after lamenting a design-around might, from [Defendants'] perspective, be impossible, [Defendants] filed in this Court a Notice of Compliance . . . ." (Doc. No. 511 at p. 2.) Second, "[o]nly a single feature described in the new products differs from the expressly enjoined products: [Defendants'] use of V-H coordinates in place of lat/lon coordinates." (*Id.*) Third, because this "Notice of Compliance contradicted a number of prior claims made by [Defendants]," Plaintiff requested information from Defendants, including "a specific request for documents showing how

[Defendants] created [their] database tables with the same level of accuracy [they] previously attained using lat/lon coordinates." (*Id.* at pp. 2-3.) In response, Defendants allegedly "did not provide any programs to create [the] database tables or any other documentation showing how they were assembled or, if purchased, from whom." (*Id.* at p. 4.) Fourth, Plaintiff argues that it would be "literally impossible" to "use old, prior art and [an] imprecise V-H system while continuing to achieve lat/lon levels of accuracy." (*Id.* at p. 3.)

One can reduce these allegations down to the fact that Plaintiff cannot figure out how Defendants recreated their database with lat/lon accuracy using the V-H system. (*See id.* at pp. 2-4.) Judge Baker could properly have found that this was insufficient to compel discovery since it did not establish a prima facie case of contempt, that is, violation of the injunction. (Doc. No. 516 at p. 3.) Therefore, Judge Baker was not clearly erroneous in deciding that these facts constituted mere "suspicions" and "conclusory allegations." (*See id.*) Nor did Judge Baker act contrary to law when determining that Plaintiff did not make a prima facie showing of contempt. (*See id.*); *see also N.W. Controls, Inc.*, 349 F. Supp. at 1256.

Contempt proceedings should only be held when there is no fair ground of doubt in the infringement. *Cal. Artificial Stone Paving Co.*, 113 U.S. at 618. In his Order, Judge Baker noted that litigation addressing this infringement is already underway in two pending lawsuits. (Doc. No. 516 at p. 3 & n. 4.) Additionally, both parties have offered, among other things, expert testimony regarding one of the questions underlying the infringement issue: whether it would be possible to create a database with lat/lon accuracy using V-H coordinates. (*See, e.g.*, Doc. No. 511-10 at p. 5; Doc No. 514-5 at pp. 7-14.) This already proffered evidence, in addition to the two pending lawsuits, suggests that resolution of this issue will involve extensive discovery. Therefore, the Court

finds that Judge Baker did not make a clearly erroneous finding when he held that "this matter likely will require significant discovery and testimony." (*See id.*)  Nor was the Magistrate Judge acting contrary to law when he found that the issue was "not amendable to summary contempt proceedings." (*See id.*)  Therefore, the Court must overrule Plaintiff's Objection to Judge Baker's Order.

### Conclusion

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objection to and **APPROVES** the Magistrate Judge's Discovery Order.  (Doc. No. 517.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 25, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record